UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MIKE CADET,

    Plaintiff,

v.                           Case No. 3:23cv17134-TKW-HTC

LIEUTENANT WHEATON, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendants Matthew Burdette, Jack White, and Christy Wheaton's motion to dismiss. Doc. 25. Plaintiff was given until December 28, 2023, to file a response, *see* Doc. 26, but has not filed one. Upon consideration and for the reasons set forth below, the undersigned recommends the motion be GRANTED and this case dismissed for failure to exhaust administrative remedies.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, is an inmate with the Florida Department of Corrections ("FDOC") who was incarcerated at Santa Rosa Correctional Institution

("SRCI") at the time of the events in the complaint.[1]  Doc. 1 at 3.  Plaintiff sues four correctional officers, Burdette, White, Wheaton, and Strobaugh,[2] for failing to protect him from an attack by his cellmate.  Specifically, Plaintiff alleges that from August 23, 2021, when the cellmate initially threatened him, until August 27, 2021, when the cellmate stabbed Plaintiff on his wrist, he attempted to get removed from the cell by declaring psychological emergencies.  Defendants, however, either ignored Plaintiff's "pleas" and failed to remove him, or after initially removing him, returned Plaintiff to the same cell.

Defendants filed a motion to dismiss, arguing that Plaintiff failed to exhaust the administrative remedies he had available to him through the FDOC Administrative Grievance Procedure outlined in Rule 33-103.007, Florida Administrative Code.[3]  Doc. 25.  On November 28, 2023, the Court advised Plaintiff that, if he opposed the motion, he must file a written response by no later than December 28. 2023.  Doc. 26.  Plaintiff was warned that under the Local Rules, the Court could grant Defendants' motion by default if Plaintiff failed to file a memorandum in opposition.  *Id.* at 1; *see* Loc. R. 7.1(H).  Plaintiff did not file an opposition to the motion to dismiss, and the time for doing so has passed.

---

[1] Plaintiff is currently housed at Palm Beach County Detention Center.
[2] Strobaugh was not served until after the instant motion to dismiss was filed and, thus, has filed a separate motion to dismiss, which is not yet ripe for consideration.  Doc. 31.
[3] Defendants also seek dismissal for failure to state a claim, based on qualified immunity, and on Plaintiff's claim for monetary damages.  Because Plaintiff's failure to exhaust is dispositive, the Court need not address the other arguments.

Case No. 3:23cv17134-TKW-HTC

## II. LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of exhaustion is "to eliminate unwarranted interference with the administration of prisons in order to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Serv., Inc.,* 627 F.3d 1215, 1217 (11th Cir. 2010) (citation omitted). "Failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), and is considered a matter of abatement under Fed. R. Civ. P. 12. *Bryant v. Rich*, 530 F.3d at 1374, 1376 (11th Cir. 2008). Thus, it is treated like a defense of lack of jurisdiction. *Id.* Consequently, a district court may properly consider "facts outside of the pleadings to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.*

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint

dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082 (citation omitted). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. at 1082.

## III.   DISCUSSION

While Plaintiff's failure to respond as directed to the motion to dismiss is sufficient reason to grant the motion, *see* N.D. Fla. Loc. R. 7.1(E) ("A party who opposes the motion must file a memorandum in opposition.") and N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."), the Court, in an abundance of caution, will also address the merits of the exhaustion argument.

In Florida, the procedural rules an inmate must follow to properly exhaust administrative remedies are promulgated by the FDOC and contained in the Florida Administrative Code. *See* Fla. Admin. Code Chapter 33-103 ("Inmate Grievances"). The FDOC's grievance procedure generally requires an inmate to: (1) file a timely informal grievance with a designated prison staff member, (2) file a timely formal grievance with the warden's office, and then (3) timely submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code R. 33-103.005 to 33-103.007; *see also Parzyck*, 627 F.3d at 1218.

The purpose of exhaustion is to ensure the agency has notice of the complained about conduct and an ability to resolve the matter prior to suit. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). While the grievance procedures do not require any specific level of detail, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1339 (N.D. Fla. 2005). Also, while the FDOC procedures do not set forth what must be stated in a grievance, it does require that "only one issue or complaint is addressed" at a time. *Harvard v. Inch*, 411 F.Supp.3d 1220, 1244 (N.D. Fla. 2019).

Defendants argue in their motion that Plaintiff did not receive an approved formal or informal grievance regarding the events alleged in the complaint and that while Plaintiff did file two appeals during the relevant time period, the only one which even mentioned the events of August 2021 was about overturning a disciplinary report ("DR"), and not about getting relief for Defendants' failure to protect Plaintiff. In support of their motion, Defendants have included declarations from two FDOC employees and FDOC records of Plaintiff's grievances and appeals. Having reviewed those documents, the undersigned agrees that Plaintiff has failed to exhaust his administrative remedies.

First, according to FDOC records, from August 23, 2021, to June 17, 2023,[4] Plaintiff submitted 9 informal grievances and 5 formal grievances, all of which were denied. Doc. 25-1 at 3-4. One of those formal grievances, submitted on September 6, 2021, Log. 2019-119-052, sought to overturn a DR Plaintiff received for grabbing Defendant Burdette's arm on August 23, 2021. Doc. 25-2 at 5-7. Plaintiff explicitly states in that formal grievance that, "this correspondence is to obtain administrative remedy *in relation to a disciplinary report I received*," *id.* at 5 (emphasis added). While Plaintiff also discusses in that grievance the cellmate's threats and his attempts to get officers to remove him from the cell by declaring a psychological emergency, he specifically states that this information is being provided for "context" – to explain why he grabbed Burdette's arm, as such conduct "did not happen in a vacuum." *Id.* at 5. Nowhere in the formal grievance does Plaintiff ask that the officers' conduct be reprimanded or investigated. Instead, Plaintiff states that "*the relief being sought* is . . . that the *disciplinary report* I received on August 23, 2021 for 'battery on a correction an officer' *be overturned, expunged from my department of correction record, & any disciplinary actions as a result thereof be*

---

[4] The FDOC's rules establish strict time frames for inmates to file grievances, and "an untimely administrative grievance does not satisfy the exhaustion requirement of the PLRA." *Johnson v. Meadows*, 418 F.3d 1152, 1154 (11th Cir. 2005). Under Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of when the incident or action being grieved occurred," and formal grievances (including direct formal grievances of a medical nature) must be received "no later than 15 calendar days" from either (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. (Rule 33-103.011(1)(a), and (b)).

*ended.*" *Id.* at 7 (emphasis added). The warden denied the grievance because Plaintiff admitted to harming Burdette by grabbing his hand. *Id.* at 8.

On September 20, 2021, Plaintiff appealed the denial of that formal grievance to the Secretary. Doc. 25-2 at 9 (Log #21-6-27622). That appeal is almost identical to the formal grievance. As he did in the formal grievance, Plaintiff starts the appeal by stating "this correspondence is to appeal a disciplinary report I received on August 23, 2021." *Id.* Also, like he did in the formal grievance, Plaintiff relays the events leading up to him grabbing Burdette's arm on August 23, but this time, starts with June 25, 2021 (rather than the August 23 incident). *Id.* He discusses these events, not for the purpose of alerting the Secretary to the officers' failures to move him from the cell, but to explain that he "did not act of ill will or harmful intent" when he assaulted Burdette. *Id.* at 10. He concludes the appeal as he did the formal grievance, asking "that the disciplinary report [he] received on August 23, 2021, for battery on a correction officer, be overturned, expunged from [his] DOC record, and all disciplinary actions as a result thereof be ended." *Id.* at 11.

Clearly, neither the September 6, 2021 formal grievance nor the September 20, 2021 appeal were sufficient to put the FDOC on notice that Plaintiff sought relief for Defendants' failure to protect him from his cellmate.

Finally, Plaintiff alleges in the complaint that "[a]ll three (3) steps of the grievance procedures concerning this issue were completed at Santa Rosa C.I." Doc.

Case No. 3:23cv17134-TKW-HTC

1 at 8. He further alleges, however, that he lost copies of the grievances when Defendant Burdette put him on property restriction in October 2021. These allegations, alone, however, are insufficient to overcome Defendants' motion. Plaintiff has offered no documents or evidence showing exhaustion. He has not provided the Court with copies of any grievances, the dates those grievances were submitted or to whom, the log numbers for any such grievances, or even descriptions thereof. And, although Plaintiff alleges in the complaint that he lost "all copies of exhaustion of remedies" when Defendant Burdette put him on property restriction in October 2021, he does not explain why he could not have obtained additional copies. Plaintiff, therefore, has not rebutted the evidence submitted by Defendants, showing a lack of exhaustion. Thus, under step one of the analysis in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), Defendants Burdette, White, and Wheaton are entitled to have the complaint dismissed for failure to exhaust administrative remedies.

Accordingly, it is respectfully RECOMMENDED:

1. That Defendants Burdette, White, and Wheaton's Motion to Dismiss, Doc. 25, be GRANTED, and Plaintiff's claims against these Defendants be DISMISSED WITHOUT PREJUDICE due to his failure to exhaust his administrative remedies.

2. That this case be referred back to the undersigned magistrate judge for further proceedings.

At Pensacola, Florida, this 16th day of January, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.