UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MIKE CADET,

    Plaintiff,

v.                                Case No. 3:23cv17134-TKW-HTC

LIEUTENANT WHEATON, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Daniel Strobaugh's motion to dismiss. Doc. 31. Plaintiff was given until January 19, 2024 to file a response, *see* Doc. 32, but has not filed one. Upon consideration and for the reasons set forth below, the undersigned recommends the motion be GRANTED and this case dismissed for failure to exhaust administrative remedies.

**I.**    **BACKGROUND**

Plaintiff, proceeding *pro se*, is an inmate with the Florida Department of Corrections ("FDOC") who was incarcerated at Santa Rosa Correctional Institution ("SRCI") at the time of the events in the complaint.[1] Doc. 1 at 3. Plaintiff sues four

---

[1] Plaintiff is currently housed at Palm Beach County Detention Center.

correctional officers, Burdette, White, Wheaton,[2] and Strobaugh, for failing to protect him from an attack by his cellmate. Specifically, Plaintiff alleges that from August 23, 2021, when the cellmate initially threatened him, until August 27, 2021, when the cellmate stabbed Plaintiff on his wrist, he attempted to get removed from the cell by declaring psychological emergencies. With regard to Strobaugh, Plaintiff alleges that on August 23, 2021, Strobaugh walked away from the cell when Plaintiff reached his arms out of the cell door flap and declared an emergency and then returned to the cell with a plexiglass shield which Strobaugh used to cover the camera's view. Plaintiff also alleges Strobaugh violated the Eighth Amendment when he applied chemical agents inside the cell on August 27, 2021.

Defendant Strobaugh filed a motion to dismiss, arguing that Plaintiff failed to exhaust the administrative remedies he had available to him through the FDOC Administrative Grievance Procedure outlined in Rule 33-103.007, Florida Administrative Code.[3] Doc. 31. On November 28, 2023, the Court directed Plaintiff that, if he opposed the motion, he must file a written response by no later than January 19, 2024. Doc. 32. Plaintiff was warned that under the Local Rules, the

---

[2] Defendants Burdette, White, and Wheaton were served before Strobaugh and filed a motion to dismiss on several grounds, including based on lack of exhaustion. The undersigned recommended granting the motion, Doc. 34, and for the same reasons, finds Strobaugh's motion should be granted.
[3] Defendant Strobaugh also seeks dismissal for failure to state a claim, based on qualified immunity, and on Plaintiff's claim for monetary damages. Because the failure to exhaust is dipositive, the Court need not address the other arguments.

Court could grant Defendant's motion by default if Plaintiff failed to file a memorandum in opposition. *Id.* at 1; *see* N.D. Fla. Loc. R. 7.1(H). Plaintiff did not file an opposition to the motion to dismiss, and the time for doing so has passed.

## II.     LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 … by a prisoner … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of exhaustion is "to eliminate unwarranted interference with the administration of prisons in order to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Parzyck v. Prison Health Serv., Inc.,* 627 F.3d 1215, 1217 (11th Cir. 2010) (citation omitted). "Failure to exhaust is an affirmative defense under the PLRA," *Jones v. Bock*, 549 U.S. 199, 216 (2007), and is considered a matter of abatement under Fed. R. Civ. P. 12. *Bryant v. Rich*, 530 F.3d at 1374, 1376 (11th Cir. 2008). Thus, it is treated like a defense of lack of jurisdiction. *Id.* Consequently, a district court may properly consider "facts outside of the pleadings to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Id.*

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*. at 1082 (citation omitted). "If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. at 1082.

### III. DISCUSSION

While Plaintiff's failure to respond as directed to the motion to dismiss is sufficient reason to grant the motion, *see* N.D. Fla. Loc. R. 7.1(E) ("A party who opposes the motion must file a memorandum in opposition.") and N.D. Fla. Loc. R. 7.1(H) ("The Court may grant a motion by default if an opposing party does not file a memorandum as required by this rule."), the Court, in an abundance of caution, will also address the merits of the exhaustion argument.

In Florida, the procedural rules an inmate must follow to properly exhaust administrative remedies are promulgated by the FDOC and contained in the Florida Administrative Code. *See* Fla. Admin. Code Chapter 33-103 ("Inmate Grievances"). The FDOC's grievance procedure generally requires an inmate to: (1) file a timely informal grievance with a designated prison staff member, (2) file a timely formal

grievance with the warden's office, and then (3) timely submit an appeal to the Office of the Secretary. *See* Fla. Admin. Code R. 33-103.005 to 33-103.007; *see also Parzyck*, 627 F.3d at 1218.

The purpose of exhaustion is to ensure the agency has notice of the complained about conduct and an ability to resolve the matter prior to suit. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006). While the grievance procedures do not require any specific level of detail, "inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures." *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1339 (N.D. Fla. 2005). Also, while the FDOC procedures do not set forth what must be stated in a grievance, it does require that "only one issue or complaint is addressed" at a time. *Harvard v. Inch*, 411 F.Supp.3d 1220, 1244 (N.D. Fla. 2019).

Defendant Strobaugh argues in his motion that Plaintiff did not receive an approved formal or informal grievance regarding the events alleged in the complaint and that while Plaintiff did file two appeals during the relevant time period, the only one which even mentioned the events of August 2021 was about overturning a disciplinary report ("DR"), and not about getting relief for Defendants' failure to protect Plaintiff. In support of his motion, Defendant has included declarations from two FDOC employees and FDOC records of inmate grievances and appeals. Having reviewed those documents, the undersigned agrees that Plaintiff has failed to exhaust

his administrative remedies.

Defendant Strobaugh's arguments, legal citations, and supporting evidence for dismissal based on Plaintiff's failure to exhaust his administrative remedies are identical to those set forth in support of Defendants Burdette, White, and Wheaton's motion to dismiss. *Compare* Doc. 31 at 5-12; Docs. 31-1 & 31-2 *with* Doc. 25 at 8-15; Docs. 25-1 & 25-2. In recommending that Defendants Burdette, White, and Wheaton's motion to dismiss be granted, the Court discussed Plaintiff's formal and informal grievances reflected in FDOC records from August 23 to June 17, 2023,[4] and a September 20, 2021 appeal. *See* Doc. 34 at 6-7. The Court explained that while Plaintiff submitted a formal grievance on September 6, 2021, Log 2019-119-052, and appealed the denial of that grievance on September 20, Log 21-6-27622, which referenced his attempts to declare a psychological emergency, the sole purpose of the grievance and appeal was to request a disciplinary report Plaintiff received for grabbing Burdette's arm on August 23 be overturned. *See also,* Doc. 31-1 and 31-2. As stated in the Court's prior Report and Recommendation, Plaintiff specifically stated in the grievance and appeal that his recitation of the events leading

---

[4] The FDOC's rules establish strict time frames for inmates to file grievances, and "an untimely administrative grievance does not satisfy the exhaustion requirement of the PLRA." *Johnson v. Meadows*, 418 F.3d 1152, 1154 (11th Cir. 2005). Under Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of when the incident or action being grieved occurred," and formal grievances (including direct formal grievances of a medical nature) must be received "no later than 15 calendar days" from either (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. (Rule 33-103.011(1)(a), and (b)).

up to him grabbing Burdette's arm, was just for "context" to explain that he did so out of frustration. *Id.* Consequently, the Court determined that neither the formal grievance nor appeal was sufficient to put the FDOC on notice that Plaintiff sought relief for Defendants' failure to protect him from his cellmate and recommended granting the motion to dismiss. *See* Doc. 34 at 7-8.

As noted above, Strobaugh's argument and evidence with regard to Plaintiff's lack of exhaustion are identical to those previously considered. Thus, the undersigned recommends Strobaugh's motion to dismiss be granted because Plaintiff's only formal grievance and appeal[5] filed during the relevant time period was not about Strobaugh's failure to protect him on August 23, or Strobaugh's use of chemical agents on August 27, and instead, about a disciplinary report. Therefore, under step one of the analysis in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008), Defendant Strobaugh is entitled to have the complaint dismissed for failure to exhaust administrative remedies.

Accordingly, it is respectfully RECOMMENDED:

1. Defendant Strobaugh's Motion to Dismiss, Doc. 31, be GRANTED and this action be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

---

[5] Plaintiff filed a total of 9 informal grievances and 5 formal grievances during the relevant time period, and all were denied. *See* 31-1 at 3-4. Plaintiff, however, filed only 2 appeals during the relevant time period, the one discussed above, and one on July 20, 2022, relating to an email issue. Doc. 31-2 at 3.

2. That the clerk close the file.[6]

At Pensacola, Florida, this 26th day of January, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

---

[6] To the extent Plaintiff's amended complaint names other defendants besides Burdette, White, Wheaton, and Strobaugh, the claims against those unserved defendants would also be subject to dismissal because Plaintiff failed to exhaust his administrative remedies regarding his failure to protect claims. *See Escobar v. Crosby*, 363 F. Supp. 2d 1361, 1366 (S.D. Fla. 2005) (noting dismissal of prisoner's claims against unserved defendants was appropriate based on both the prisoner's failure to effect timely service under Federal Rule of Civil Procedure 4(m) and his failure to exhaust administrative remedies).